J-S53031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLUE WILKINS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| FRANCIS T. CHARDO, III, | : | |
| | : | |
| Appellee | : | No. 99 MDA 2015 |

Appeal from the Order entered on December 11, 2014
in the Court of Common Pleas of Dauphin County,
Civil Division, No. 2013-CV-01961-CV

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED OCTOBER 19, 2015**

Glue Wilkins ("Wilkins")[1] appeals, *pro se*, from the Order denying his "Petition for Review." We affirm.

In September 2003, following a jury trial, Wilkins was found guilty of criminal attempt (homicide), aggravated assault, robbery, theft by unlawful taking, making terroristic threats, unlawful restraint, and possessing instruments of crime in connection with the beating of Joseph Bartolo.[2] The trial court sentenced Wilkins to an aggregate term of twelve years to twenty-four years in prison. This Court affirmed the judgment of sentence. **See Wilkins**, 897 A.2d 524, **appeal denied**, 902 A.2d 1241 (Pa. 2006).

---

[1] Wilkins is also known as Allen L. Wilkins, Sr.

[2] This Court set forth an extensive recitation of the underlying factual history. **See Commonwealth v. Wilkins**, 897 A.2d 524 (Pa. Super. 2006) (unpublished memorandum at 4-6).

In October 2014, Wilkins filed the Petition for Review, arguing that he was being detained without a Sentencing Order.[3] The trial court treated the Petition as a Petition for Writ of *Habeas Corpus*. The trial court denied the Petition. Wilkins filed a timely Notice of Appeal.

On appeal, Wilkins raises the following questions for our review:

1. Whether, pursuant to the Sep[a]ration-of-Powers Doctrine, it is the exclusive prerogative of the Pennsylvania Legislature to make laws in the Commonwealth?

2. Whether, pursuant to [1 Pa.C.S.A.] §§ 1501-1991[,] Statutory Construction Act, the term "Sentencing Order" is free and clear from all ambiguity?

3. Whether the Pennsylvania [G]eneral Assembly, in Title 42[ Pa.C.S.A.] § 9764(b)(5)(i) has "required" that in addition to a DC-300B … 'A sealed, written sentencing order from the County" [must be filed]?

4. Whether the Pennsylvania General Assembly, in [37 Pa.C.S.A.] § 91.3, has avowed that "the Department will accept and confine those persons committed to it under lawful court order"?

5. Whether pursuant to the Commonwealth's Title 18 [Pa.C.S.A.] §§ 9101-9183 Criminal History [R]ecord Information Act; [and] § 911 Duties of Criminal Justice Agencies, the 12th Judicial District has a "duty" to docket a Sentencing Order for [Wilkins]?

6. Whether [Wilkins] has a substantive Constitutional "due process" right to a "consumation[,]" *i.e.*[,] Sentencing Order for his criminal adjudication?

---

[3] The trial court notes that Wilkins has filed numerous documents, including twenty-four civil filings along with innumerable criminal filings. Trial Court Opinion, 3/19/15, at 2.

Brief for Appellant at 1 (emphasis and some capitalization omitted).[4]

Wilkins contends that he is being detained without a written sentencing order as required under 42 Pa.C.S.A. § 9764. Brief or Appellant at 3-6 (unnumbered). It is well-settled that "a claim that a defendant's sentence is illegal due to the inability of the [Pennsylvania Department of Corrections ("DOC")] to produce a written sentencing order related to his judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (citations omitted).

"Our standard of review of a court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations and quotations omitted).

Section 9764 of the Sentencing Code states, in relevant part, the following:

> **§ 9764. Information required upon commitment and subsequent disposition**
>
> **(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

---

[4] We will address Wilkins's claims together.

\*\*\*

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

**(b) Additional information.--**Within ten days from the date sentence is imposed, the court shall provide to the county correctional facility the following information pertaining to the inmate:

\*\*\*

(5) All of the following:

(i) A written, sealed sentencing order from the county.

42 Pa.C.S.A. § 9764.

The ***Joseph*** Court addressed the DOC's authority to incarcerate a prisoner under section 9764, and determined that there is no mandatory requirement that the DOC maintain or produce a written sentencing order upon a request of an incarcerated person. ***See Joseph***, 96 A.3d at 371 (stating that "[n]one of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person."). Further, section 9764 does not create any remedy or cause of action for a prisoner based on the failure to provide a sentencing order. ***Id***. Thus, a written sentencing order is not required to detain Wilkins, and the

trial court did not abuse its discretion in dismissing his Petition.  ***See id*.**[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015

---

[5] Wilkins also argues that the Commonwealth is hiding a medical report that confirmed Bartolo's injuries.  Brief for Appellant at 3 (unnumbered).  Wilkins points out that this Court granted a motion to supplement the record with a medical report.  *Id*.  However, upon our review of this Court's decision affirming Wilkins's judgment of sentence, this Court granted Wilkins's "Motion to Supplement the Record with the Medical Report (filed 9/15/05)," and considered the hospital medical report in addressing Wilkins's claims.  ***Wilkins***, 897 A.2d 524 (unpublished memorandum at 10 n.4).  Because Wilkins was in possession of the medical report in question, we cannot grant him relief on his claim.